IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FREDERICK ALEXANDER HARDVILLE,

    Plaintiff,

  v.                                                                                  No. 1:16-cv-01090-JDB-cgc

LEE MOORE, PHIL BIVENS, and
DYER COUNTY,

    Defendants.

## ORDER DISMISSING CLAIMS AND DENYING CERTIFICATE OF APPEALABILITY

On May 5, 2016, Plaintiff, Frederick Alexander Hardville, an inmate at the Dyer County Jail in Dyersburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendants, Judge Lee Moore, Phil Bivens, and Dyer County, Tennessee, (Docket Entry ("D.E.") 1), as well a motion to proceed *in forma pauperis*, (D.E. 2). On May 12, 2016, the Court granted Hardville leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b).[1] (D.E. 4.)

**BACKGROUND**

In his complaint, Hardville alleges that he is being wrongfully incarcerated for violating his probation sentence from Dyer County in 2000. (D.E. 1 at PageID 2-4.)

The inmate asserts that in 2000, he was sentenced for an unspecified crime in Dyer County,

---

[1] On June 3, 2016, Hardville sent a letter to the Clerk asking whether it "is . . . possible to hold the proceedings off until [he] get[s] out of jail," indicating that he "w[ould] be incarcerated for at least another 9 months." (D.E. 5.) Because the Court is unable to provide legal advice, it cannot construe the letter as a motion to voluntarily dismiss this action. *See* Fed. R. Civ. P. 41(a). Therefore, the Court will proceed with screening this matter. *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

"serv[ing] 50 days and receiv[ing] 3 years with the time suspended[2] and 2 years [of] probation." (*Id.* at PageID 2.) After "show[ing] proof of residence in St. Louis, MO," Plaintiff claims that he was granted a transfer of probation and began reporting to the board of probation there. (*Id.*) In 2002, after being convicted of second-degree burglary in St. Louis, Hardville "received 2 years probation r[u]n into the probation [he] was already on." (*Id.*) The inmate alleges that he then violated that probation, resulting in his "ha[ving] time credited from [his] previous incarceration" and ninety days of imprisonment, followed by parole. (*Id.* at PageID 2-3.) Plaintiff completed his parole in 2008, during which time he was allegedly never informed that there was an outstanding warrant from 2002 in Dyer County "for [his] arrest on a violation of probation" for "fail[ing] to report to [his] probation officer." (*Id.* at PageID 3.)

In 2015, Hardville was convicted in Nashville, Tennessee of another unspecified crime and "received time served with 18 months [of] probation." (*Id.*) Because Plaintiff failed to report to his probation officer, he was incarcerated. (*Id.*) The inmate alleges that upon release, he was "told that [he] had a hold on [him] from Dyer County." (*Id.*) Hardville contends that he informed the Dyer County judge in court that he "completed this probation violation in the state of M[issouri]" but that the judge, indicating that the parole violation was still on record for Dyer County, sentenced him to three years "for getting in trouble in Nashville." (*Id.* at PageID 3-4.) Plaintiff questions how he can be incarcerated twice, in two different states, for the same parole violation. (*Id.* at PageID 4.)

The inmate seeks "to be released" and "compensated for every day of [his] incarceration." (*Id.* at PageID 5.)

---

[2]It is unclear what Plaintiff is alleging as to his sentence and time served. (D.E. 1 at PageID 2.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standard under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." (citation omitted)).

Despite being "held 'to less stringent standards,'" *pro se* parties, including those that are incarcerated, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

## I. Section 1983

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of a right "secured by the 'Constitution and laws' of the United States" (2) committed by a defendant acting "under color of law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### A. Claim Against Defendant Dyer County

The complaint alleges no facts showing that Dyer County is liable for a violation of Hardville's constitutional rights.

"A municipality or other local government may be liable under [42 U.S.C. § 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Richmond v. Huq*, 885 F.3d 928, 948 (6th Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011)), *reh'g en banc denied* (May 17, 2018). Furthermore, "[a] municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Stanfield v. City of Lima*, 727 F. App'x 841, 851 (6th Cir. 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016) ("This means that the plaintiff must show 'a direct causal link between the policy and the alleged

4

constitutional violation such that the [municipal policy] can be deemed the moving force behind the violation.'" (alteration in original) (quoting *Graham ex rel. Estate of Graham v. Cty. Of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004))). The Sixth Circuit has explained the plaintiff's burden for bringing such a claim:

> "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."

*Nouri v. Cty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (quoting *Burgess*, 735 F.3d at 478).

Additionally, civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993). However, "[t]o avoid dismissal under [Federal] Rule [of Civil Procedure] 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Fed. R. Civ. P. 8(a)'s notice pleading requirements and give the municipality notice of the plaintiff's theory of liability. *See Twombly*, 550 U.S. at 555; *see, e.g.*, *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004) (granting the motion to dismiss filed by the City of Memphis because the plaintiff "failed to identify or allege the existence of a custom or policy of the [c]ity that caused his injury").

Hardville has not presented any policy or custom of Dyer County that caused his alleged injury or that deprived the inmate of his rights. Because his complaint does not set forth a claim for relief against Dyer County, Plaintiff's claim against the municipality is dismissed. *See Reeves*

*v. Corr. Corp. of Am.*, No. 3:18-cv-0029, 2018 WL 2218961, at *3 (M.D. Tenn. May 15, 2018) (dismissing a *pro se* prisoner plaintiff's municipal liability claim where he failed to allege that the municipal defendant had a custom or policy that "was the 'moving force'" behind the alleged constitutional violation).

### B. Claim Against Defendant Bivens

The complaint contains no factual allegations against Bivens, who was employed by the "district attorney's office." (D.E. 1 at PageID 2.) When a complaint is void of allegations about any action by a defendant, it necessarily fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Additionally, Hardville cannot sue Bivens for money damages arising from the initiation of criminal proceedings against him. Prosecutors are absolutely immune from suit for their conduct in initiating and pursuing criminal prosecutions because such conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012) (citing *Imbler*, 424 U.S. at 430-31). Accordingly, Plaintiff's claim for money damages against Bivens for such activities is barred. Likewise, Bivens cannot be sued for malicious prosecution. *O'Neal v. O'Neal*, 23 F. App'x 368, 370 (6th Cir. 2001); *see also Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004) (noting that "prosecutors are absolutely immune from many malicious prosecution claims" (citing *Burns v. Reed*, 500 U.S. 478, 485 n.4 (1991))); *Roybal v. State of Tenn. Dist. Attorney Gen.'s Office for Montgomery Cty.*, 84 F. App'x 589, 590 (6th Cir. 2003) (finding that the district court properly concluded that prosecutorial

immunity barred the claims against the district attorneys general in their individual capacities (citing *Burns*, 500 U.S. at 486)). Therefore, the inmate's claim against Bivens is dismissed.

### C. Claim Against Defendant Moore

Similarly, Plaintiff's claim against Judge Moore must fail. It is well settled that judges—in the performance of their judicial functions—are absolutely immune from civil liability. *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 648-49 (6th Cir. 2014). Whether a judge is entitled to absolute immunity turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). "In examining the functions normally performed by a judge, [the Sixth Circuit] has recognized that 'paradigmatic judicial acts,' or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity." *Brookings v. Clunk*, 389 F.3d 614, 618 (6th Cir. 2004) (citation omitted) (quoting *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997)).

Hardville maintains that a judge in Dyer County[3] sentenced him to three years' imprisonment, thus violating the inmate's civil rights. Because such conduct was clearly within the scope of the judge's judicial functions, Plaintiff's claim for improper sentencing is barred by the doctrine of absolute judicial immunity and is thus dismissed.

### D. Claims Barred by Heck

In addition to the aforementioned reasons, any of the inmate's claims arising from his conviction or imprisonment are also barred by *Heck v. Humphrey*, in which the United States Supreme Court held that:

---

[3]Plaintiff listed Judge Lee Moore, "a judge at Dyer County Courthouse," (D.E. 1 at PageID 2), as a defendant on the first two pages of his complaint, though he never specifically names Judge Moore as the Dyer County judge who sentenced him to three years of incarceration "for getting in trouble in Nashville," (D.E. 1 at PageID 4); *see supra* p. 2. The inmate makes no other reference to a judge anywhere else in his complaint.

7

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994) (emphasis in original) (footnotes omitted); *accord Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In other words, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Schilling*, 58 F.3d at 1087 (quoting *Heck*, 512 U.S. at 489); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (explaining that whenever the relief sought by a plaintiff is release from prison, the only remedy is through a habeas corpus petition, not a § 1983 complaint).

Here, *Heck* bars Plaintiff's claims attacking his criminal prosecution and incarceration, as his conviction has not been invalidated by any of the mechanisms provided in *Heck*. For these claims to begin accruing for the purposes of § 1983, the inmate must first have his conviction overturned on direct appeal or set aside on collateral attack. *See Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) (citing *Heck*, 512 U.S. at 486-87).

8

In light of the foreground, Hardville's complaint is dismissed in its entirety for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**II. Appeal Issues**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that an appeal would not be taken in good faith.

Additionally, the Court must address the assessment of the $505 appellate filing fee, should Hardville nevertheless appeal. 28 U.S.C. § 1913(1). Certifying that an appeal would not be taken in good faith does not affect an indigent, incarcerated plaintiff's ability to take advantage of the installment procedures contained in 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (setting out specific procedures for implementing the PLRA), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. Accordingly, if Plaintiff wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures pursuant to *McGore* and § 1915(a)(1)-(2), which require filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of any future filings by Hardville, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015).

---

[4]The Sixth Circuit has held that a district court may allow a prisoner to amend his or her complaint to avoid *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, the Court declines to grant Plaintiff leave to amend, as the Court finds that the inmate cannot cure the aforementioned defects in his complaint.

## CONCLUSION

Accordingly, Hardville's claims are DISMISSED for failure to state a claim on which relief may be granted. (D.E. 1.)

IT IS SO ORDERED this 25th day of July 2018.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE